JOSEPH P. BREEN, JR., & another *vs.* BOSTON HOUSING AUTHORITY. November 2, 1964. Exceptions overruled. In this action of tort the plaintiffs are a minor and his mother. The minor was injured as a result of a fall from a four foot chain link fence enclosing a grass covered area. The mother seeks consequential damages. The jury returned a verdict for each of the plaintiffs. The defendant's exceptions are to the denial of a motion for directed verdicts, to the denial of one of its requests for instructions, and to certain portions of the judge's charge to the jury. There was evidence that the father of the minor plaintiff was a tenant and together with his wife and four children occupied an apartment in the defendant's Old Colony Housing Project in South Boston, Massachusetts; that the children used the area where the child was injured from the beginning of the tenancy. There was also testimony that there was a gate to this area, and toward the end of the day, while the children were within the enclosure,

an employee of the defendant locked the gate and that fifteen minutes later the child climbed "to the top of the fence, . . . [caught] his pants on the top of the fence and then . . . [fell] to the ground outside the fence." This evidence, if believed, would warrant verdicts for the plaintiffs. Accordingly, there was no error in denying the defendant's motion for directed verdicts. See *Altman* v. *Barron's, Inc.* 343 Mass. 43, 46–47. We have reviewed the requested instruction as well as the judge's charge to the jury and are satisfied that there was no error.

*Robert D.' Callahan* for the defendant.

*James J. Twohig* for the plaintiffs.